IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION
FILED 98 SEP -8 AM 11:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| LARRY LEONARD,<br><br>Plaintiff,<br><br>v.<br><br>THE TOWN OF ARGO, ALABAMA,<br>and PAUL D. JENNINGS,<br>individually and as Mayor of the<br>Town of Argo,<br><br>Defendants. | Case No. CV 97-B-3002-S |

ENTERED SEP 0 8 1998

## MEMORANDUM OPINION

This case is before the court on the Motion to Remand filed by plaintiff Larry Leonard on November 25, 1997. Leonard originally filed this action in the Circuit Court of Jefferson County, Alabama, claiming constructive discharge, violations of constitutional rights, and wantonness. The plaintiff's Motion to Remand is based upon the assertion that the action was not properly removed within the 30-day time limit prescribed under 28 U.S.C. § 1446(b). Upon consideration of the record, the submissions of the parties, and the relevant law, the court concludes that the plaintiff's motion is due to be denied.

### I. BACKGROUND

The complaint in this case was filed in the Circuit Court of Jefferson County on October 6, 1997. *See* Complaint. On September 22, 1997, the plaintiff's attorney sent a copy of the proposed complaint by certified mail to the defendant Paul Jennings and to his attorney. *See* Aff.

Guy V. Martin, Jr. at ¶ 3; *See* Aff. Hugh E. Holladay, Jr. On October 3, 1997, the plaintiff sent another copy of the Complaint, which had yet to be filed, to the defendant's attorney. *See* Aff. Martin at ¶ 4; *See* Aff. Holladay. The defendants removed the case on November 12, 1997. *See* Notice of Removal.

## II. DISCUSSION

The removal of a case from state to federal court is governed by 28 U.S.C. §1446(b). The removal statute provides in pertinent part as follows:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b).

In *Michetti Pipe Stringing v. Murphy Brothers*, 125 F.3d 1396, 1398 (1997), the Eleventh Circuit addressed the issue of whether the 30-day removal period begins to run on the day the defendant receives a filed copy of a initial pleading, or when the defendant is formally served by certified mail. The court held that "the thirty-day removal period begins to run when a defendant actually receives a copy of a *filed* initial pleading by any means."[1] *Id.* at 1397 (emphasis added). The court also noted:

> . . . it appears unlikely that a plaintiff could eliminate the right to remove altogether by sending a draft complaint thirty days before filing it–until it is filed , a draft complaint is not the "initial pleading setting forth the claim for relief upon which such action . . . is based" that the defendant must receive to start the thirty-day clock.

---

[1] Prior to *Michetti* several courts had required actual service of an initial pleading to start the 30-day period for removal on defendant. *City Nat'l Bank of Sylacauga v. Group Data Servs.*, 908 F.Supp 896, 897 (N.D. Ala 1995); *Marion Corp. v. Lloyds Bank, PLC*, 738 F. Supp. 1377 (S.D. Ala 1990); *Love v. State Farm Mut. Auto. Ins. Co.*, 542 F. Supp 65 (N.D. Ga. 1982).

*Id.* at 1398.

The holding in *Michetti* clearly governs the case at hand. Here, plaintiff's counsel sent the defendants a copy of the proposed complaint on September 22, 1997. A copy of the complaint was also sent to an attorney who occasionally represents the defendants on September 22, 1997, and October 3, 1997. However, the complaint was not actually filed until October 6, 1997. Therefore, the defendants did not receive a copy of a *filed* initial pleading until service of process was perfected on defendant Paul Jennings on October 16, 1997. The defendants then properly removed the case on November 12, 1997, within 30 days after receipt of a filed initial pleading.

### III. CONCLUSION

For the foregoing reasons, the court is of the opinion that the plaintiff's Motion to Remand is due to be denied. An order denying the motion will be entered contemporaneously with this memorandum opinion.

**DONE** this 8th day of September, 1998.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge