FILED
99 AUG 13 PM 3: 24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY LEONARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV97-J-3002-S |
| | ) | |
| THE TOWN OF ARGO, ALABAMA, | ) | |
| and PAUL D. JENNINGS, | ) | |
| individually and as Mayor of the | ) | ENTERED |
| Town of Argo, | ) | AUG 13 1999 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is the defendant Town of Argo and Paul D. Jennings' motion for summary judgment (doc. 29), to which the plaintiff filed an opposition. Thereafter, defendants filed a reply to plaintiff's opposition. Both parties have also filed evidentiary submissions in support of their respective positions. The Court has reviewed the motion, the memoranda of law and the three evidentiary submissions of the defendants as well as the evidentiary submissions of Plaintiff allowed pursuant to this Court's order of August 13, 1999 with respect to Defendant's motion to strike.

41

## I. Procedural History

Plaintiff commenced this action on October 6, 1997 by filing a complaint seeking relief under 42 U.S.C. § 1983 in the Jefferson County Circuit Court. In the complaint, Plaintiff alleges the Town of Argo and Paul Jennings constructively discharged the plaintiff when they hired an assistant chief of police, as required by the town ordinance, thereby making his working conditions so intolerable he felt compelled to resign. The case was removed to federal court on November 12, 1997 (doc. 1). Upon consideration of the pleadings, briefs, and evidentiary submissions, the court concludes that the motion for summary judgment is due to be granted.

## II. Factual Background

In a light most favorable to the plaintiff, the facts of this case are as follows: Plaintiff was the Chief of Police for the Town of Argo. (Leonard Aff. ¶ 1.) During his time as chief of police, Plaintiff suspected defendant Paul Jennings of engaging in unlawful activity. Plaintiff initiated a criminal investigation of Jennings. (Leonard Aff. ¶ 1.) Jennings was elected Mayor of the Town of Argo in November 1996. (Complaint at ¶ 1, Jennings Aff. at 1) The investigation was still underway when Jennings took office in 1997.

When he entered upon his office in early 1997, he mentioned to Plaintiff that he would like to hire an assistant chief of police. Jennings Aff at 1. Plaintiff voiced his objections, telling Jennings there would "not be [an assistant chief of police] in Argo as

2

long as [he] was chief." Leonard Aff. at 8, Jennings Aff. at 1. Appointment of an assistant chief of police is a required duty of the town council. Ordinance #5294, Section 2, Town of Argo. Pursuant to Ordinance # 5294, the appointment of an assistant chief of police required a majority vote of the town council. *Id.*

On February 1, 1997, a special meeting of the town council was called of the Town Council. (Jennings Aff. at 2.) The plaintiff was present. (Jennings Aff. at 2, Leonard Aff. at 9) At that meeting the Council appointed Norman Watson as assistant chief of police in accordance with Town Ordinance # 5294. After a motion to adjourn was presented, the plaintiff initiated questions regarding the funding for the position of assistant chief of police. ( Drake Aff. at 1, Jennings Aff. at 2.) The council continued to adjourn, at which point Plaintiff threw down his badge in protest and said "I resign" or words to that effect. (Leonard Aff. at 10, Drake Aff., Jennings Aff. at 2.) It is further undisputed that Plaintiff told Police Dispatcher Ellen Boyd that he would be "1042 . . . forever," indicating he was permanently off duty. (Boyd Aff, Leonard Aff. at 10.) A few days later, Plaintiff approached Defendant Jennings requesting reinstatement of his position as chief of police. (Jennings Aff. at 2)

### III. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that

3

the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact

4

precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D. Ala.); citing *Anderson*, 47 U.S. at 251-252.

## V. Discussion

The plaintiff contends he was constructively discharged from his position as Chief of Police for the Town of Argo. To prove a constructive discharge, "a plaintiff must demonstrate that working conditions were 'so intolerable that a reasonable person in [his]

5

position would have been compelled to resign.' " *Poole v. Country Club of Columbus, Inc.,* 129 F.3d 551, 553 (11th Cir.1997) (quoting *Thomas v. Dillard Dep't Stores, Inc.,* 116 F.3d 1432, 1433-34 (11th Cir.1997)). In Plaintiff's brief in opposition to defendant's motion for summary judgment, Plaintiff admits he "later sought to return to his job." Plaintiff's Brief at 23. Such an admission negates a constructive discharge claim. If the working conditions were so intolerable as to compel Plaintiff to resign, he would not have sought reinstatement.

Moreover, even if Plaintiff presented evidence that Jennings was motivated by a desire to make the conditions such that Plaintiff would feel compelled to resign, the plaintiff has offered no evidence the entire council or the majority who voted to hire Assistant Chief Watson acted with similar motivation. Ordinance #5294 of the Town of Argo states "the assistance chief of police . . . shall be elected by the council." Ordinance #5294, Town of Argo (emphasis added). The decision to elect an assistant chief of police was vested in the entire council, not the mayor alone. Therefore, in order to prove the plaintiff was constructively discharged, he must offer evidence that the entire council made its decision to hire Assistant Chief Watson for the purpose of compelling the plaintiff to resign. Plaintiff has failed to meet this burden. In fact, Plaintiff submitting the ordinance *requiring* an assistant chief of police be appointed by the council as evidence in support of his opposition to Defendant's motion, supports Defendant's position.

Additionally, Plaintiff claims constitutional deprivations of property and liberty in violation of his due process rights. The Court having found the plaintiff has failed to meet the threshold of proof on his constructive discharge, finds Plaintiff's resignation voluntary. There is no state action in a voluntary resignation, therefore, Plaintiff's Due Process claims fail as a matter of law.

## V. CONCLUSION

In consideration of the foregoing, the court can find no evidence that the plaintiff's resignation was the product of intolerable working conditions compelling him to resign. As such, Plaintiff's claim of constructive discharge fails as a matter of law. Absent constructive discharge, the claim of deprivation of procedural due process fails as well.

Therefore, the Court **GRANTS** the defendant's motion for summary judgment on all counts of the complaint. This case is **DISMISSED** with **PREJUDICE**.

*[signature]*
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE
8/13/1999